2014 Ark. App. 401

**Amy VILLANUEVA, Appellant**

v.

**ARKANSAS DEPARTMENT OF HUMAN SERVICES and Minor Children, Appellees.**

No. CV–14–134.

Court of Appeals of Arkansas.

June 18, 2014.

Didi H. Sallings, Arkansas Public Defender Commission, for appellant.

No response.

DAVID M. GLOVER, Judge.

This is an appeal from an order terminating the parental rights of Amy Villanueva to her two children, M.V. (d.o.b.11–

23–2004) and A.V. (d.o.b.1–16–2008).[1] Amy Villanueva's counsel has filed a motion to be relieved and a no-merit brief pursuant to *Linker–Flores v. Arkansas Department of Human Services,* 359 Ark. 131, 194 S.W.3d 739 (2004), and Rule 6–9(i) of the Rules of the Supreme Court and Court of Appeals of the State of Arkansas. She contends that there are no issues of arguable merit to support the appeal. She reports that there were no objections made during the termination hearing; her brief discusses in detail the trial court's adverse ruling in granting the termination itself; and she explains why it does not provide a meritorious ground for reversal. The clerk of our court sent copies of the brief and |₂the motion to be relieved to Amy, informing her that she had the right to file pro se points. She has not done so.

This case originated with a child-abuse hotline call on July 30, 2012. Amy was located on August 3, 2012. She admitted "smacking" M.V. on the back of his head for "messing with" his little brother, smoking marijuana occasionally, taking methamphetamine a few days earlier (she tested positive), being arrested and convicted for possession of methamphetamine and drug paraphernalia on June 22, 2012, and failing to attend drug court in July. The children were removed from her custody on August 3, 2012, with a seventy-two-hour hold. Emergency custody was granted on August 6, 2012, and the probable-cause order was entered August 13, 2012. The two children were adjudicated dependent-neglected on October 3, 2012, following a hearing. The State filed a petition to terminate on August 7, 2013, alleging that the children had been out of the home for twelve months and despite meaningful efforts by the Department of Human Ser-

vices (DHS) to rehabilitate the parent and correct the conditions that caused removal, those conditions had not been remedied. The termination hearing was originally scheduled for October 31, 2013. It was not actually held until November 22, 2013. Amy entered an intensive outpatient-treatment program on August 28, 2013. The children had remained out of her custody, and, other than a mistaken visitation early in the case, she had not been able to visit them because she had not passed the required three drug screens in three weeks. She also had not attended drug court. At the time of the termination hearing, she had several negative drug screens in the period just prior to the hearing, she obtained housing with her boyfriend the night before the hearing, and she had |₃held a job for approximately eight weeks. She had completed only eight of the twelve required parenting hours prior to the termination hearing.

Following the hearing, the trial court terminated Amy's parental rights, finding that DHS had proved by clear and convincing evidence that the children had been out of the home for more than twelve months and that, despite meaningful efforts by DHS, Amy had not remedied the conditions that led to removal, and it was in the children's best interest for her parental rights to be terminated. In addition, the trial court found that other factors had arisen since the original petition was filed, showing that Amy had mental-health issues that she was not adequately addressing.

 We agree with counsel that grounds for termination were sufficiently proved, and that there was sufficient evidence to show that it was in the children's best interest for Amy's parental rights to

---

1. The parental rights of the father, Michael Villanueva, were also terminated, but he has not appealed.

be terminated because the children were both "highly adoptable," and the potential for harm was clear. The family-service worker testified that the children were highly adoptable, and the potential for harm if they were returned was evident from the lack of any effort until the eleventh hour to improve the conditions that led to their removal. What efforts Amy made came only when termination was clearly on the horizon.

Our review of the record and the brief presented to us convinces us that counsel has complied with the requirements established by the Arkansas Supreme Court for no-merit motions in termination cases, and we hold that the appeal is wholly without merit. Accordingly, we affirm the order terminating Amy Villanueva's parental rights and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

GRUBER and WHITEAKER, JJ., agree.